## Tinari v. Peter J. Salmon Co., Inc.

Smillie, Bean, Davis & Tredinnick, for plaintiffs.

A. Santangelo, for defendants.

FORREST, J., May 5, 1961.—This matter is before us on the preliminary objections of three men, Lewis A. Tinari, James McNamara and Martin H. McNamara, individually and trading as Tinari and McNamara, additional defendants, to the complaint of the original defendants against two of them, James M. McNamara and Martin H. McNamara. These preliminary objections are (1) that the complaint against additional defendants violates Pa. R. C. P. 2252 by joining as a defendant a party who was already on the record as a plaintiff; (2) that the complaint was not filed within the 60-day period allowed by Pa. R. C. P. 2253 or extension thereof "allowed by the court upon cause shown."

The pleadings are voluminous. For present purposes, we deem it necessary to point out merely that on May 2, 1959, an amended complaint in trespass was filed in which there was included a claim by Lewis A. Tinari and Catherine Tinari, his wife, for damages to their garage owned as tenants by the entireties. On the same day, service was made by letter to Alphonso Santangelo, Esq., attorney for original defendants. On July 16, 1959, the court ordered that the claim of original plaintiffs, Lewis A. Tinari, James M. McNamara and Martin H. McNamara, individually and trading as Tinari and McNamara, be severed and separated from the claim of Lewis A. Tinari and Catherine Tinari, as tenants by the entireties.

On September 18, 1959, defendants in the severed action by the Tinaris as tenants by the entireties, filed a complaint, together with praecipe for writ "to join Lewis A. Tinari, James M. McNamara and Martin H. McNamara, individually and trading as Tinari and McNamara, as additional defendants." Additional defendants on December 10, 1960, filed preliminary objections to the complaint against them. On January 25, 1961, this court sustained the preliminary objections, the complaint having been filed beyond the 60-day period allowed by Pa. R. C. P. 2253 without allowance by the court.

Undaunted, defendants on March 1, 1961, filed a new complaint against "James M. McNamara and Martin H. McNamara, individually and trading as Tinari and McNamara," as additional defendants. Thereafter, on petition of defendants, who evidently recognized that their attempt to join additional defendants was belated and defective without leave of court, the court on April 7, 1961, granted a rule upon additional defendants to show cause why defendants should not be granted an extension of time to file a praecipe and complaint to join the McNamaras as additional defendants. This rule is pending. Lewis A. Tinari has been omitted as an additional defendant in this complaint of March 1, 1961.

Taking up the first preliminary objection to the latest complaint against additional defendants, we direct attention to Pa. R. C. P. 2128, which expressly authorizes prosecution of an action against a partnership in the following manner, viz: "against one or more partners as individuals trading as the partnership . . ." Discussing Pa. R. C. P. 2128, Goodrich-Amran, §2128 (a)-1, states:

"Under the rule, the plaintiff is given an unrestricted option in naming the defendants. If he elects to join one or more partners, the defendants cannot

object that the plaintiff knew the identity of other partners whom he did not name. While the rule is in aid of a plaintiff who does not know the identity of the partners, it does not impose the limitation that every known partner must be named."

Likewise, 4 Anderson Pa. Civil Pract., p. 173, comments:

"In determining which form of suit he will bring and how many, if any, partners he shall join, the plaintiff has an unlimited option. He is not required to explain why he has not joined certain partners or make any effort to bring them in the action as parties."

Since defendants in their latest complaint have not joined as an additional defendant any party who was already on the record as a plaintiff, the first preliminary objection must be overruled, and we must consider the second preliminary objection, viz: that defendants violated Pa. R. C. P. 2253. There is no doubt that the latest complaint against additional defendants, which is now being considered, was filed belatedly and without leave of court, just the same as the earlier complaint. The McNamaras, therefore, contend that the latest complaint also should be stricken off. Ordinarily such a complaint should be stricken off. Nevertheless, as we have stated, a petition for leave to join additional defendants is pending. Pa. R. C. P. 2232 (c) provides:

"At any stage of an action, the court may order the joinder of any additional person who could have joined or who could have been joined in the action. . . ."

We have shown that "James M. McNamara and Martin H. McNamara, trading as Tinari and McNamara" could have been made defendants in the action by Mr. and Mrs. Tinari.

We deem it in the interest of just and speedy administration of justice to include the McNamaras, trading as Tinari and McNamara, as additional defendants, so that the rights and liabilities as between

plaintiff on the one hand and defendants and additional defendants on the other hand, may be decided in this action. Were the factual issues seemingly complex, we might deem it in the interest of justice not to invoke Pa. R. C. P. 2232(c). Here, however, the issues seem to be whether the damage to plaintiffs' property was caused by the negligence of the corporate defendant's servant or agent, or by the negligence of the partnership defendant's servant or agent, or by the negligence of both. These issues will have to be resolved in this case whether or not there are additional defendants. It appears that the *same witnesses* and the *same testimony* will be heard whether or not there are additional defendants. ". . . Since the object [of the Rule] is to achieve a just and speedy administration of justice, the court may [will] make the order [of joinder] of its own motion . . .": 4 Anderson Pa. Civil Pract., p. 383.

And now, May 5, 1961, the preliminary objections are overruled. The rule to show cause why defendants should not be granted an extension of time in which to join additional defendants is discharged and the petition is denied for the reason that this order renders such petition and rule moot.

Additional defendants are allowed 20 days from the date hereof within which to file an answer to the complaint of original defendants against them, if they so desire.